UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Patrick Hirsch,<br><br>         Plaintiff,<br><br>     v.<br><br>Compton Unified School District, a public entity,<br><br>         Defendant. | CV 12-01269 RSWL (MRWx)<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW Re: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** [16] |

After consideration of all the papers submitted pursuant to Plaintiff Patrick Hirsch's ("Plaintiff") Motion for Summary Judgment [16], the Court makes the following findings of fact and conclusions of law.

## UNCONTROVERTED FACTS

1. In April 2010, attorney Rosa K. Hirji was appointed by the Juvenile Court to represent a disabled juvenile under the dependency jurisdiction of the Los Angeles County Juvenile Court ("Student") with regard to his educational matters.

1

2. In February 2011, pursuant to the Individuals with Disabilities Education Act ("IDEA"), Ms. Hirji instituted an administrative proceeding on Student's behalf ("First Proceeding") against Defendant Compton Unified School District ("Defendant").

3. Ms. Hirji expended 112 hours working on Student's case during the First Proceeding, 40.9 of which Plaintiff now seeks recovery of attorney's fees.

4. Ms. Hirji subsequently dismissed the case on June 10, 2011, and instituted a second administrative proceeding against Defendant in late June 2011 ("Second Proceeding").

5. To help with Student's second case, Ms. Hirji added Heather S. Zakson as associate counsel in September 2011.

6. Student's second case proceeded to hearing, and in November 2011 the presiding administrative law judge ("ALJ") held that Student prevailed on seven of the thirteen sub-issues presented, and Defendant prevailed on the remaining six.

7. Ms. Hirji expended 145.5 hours in connection with Student's Second Proceeding, 131.1 of which Plaintiff now seeks recovery of attorney's fees.

8. Ms. Zakson expended 116.5 hours in connection with Student's Second Proceeding, 104.5 of which Plaintiff now seeks recovery of attorney's fees.

9. Ms. Hirji currently works at the Law Office of Bonnie Z. Yates, where her client billing rate is $250

per hour.

**CONCLUSIONS OF LAW**

1. Student was the prevailing party in his Second Proceeding against Defendant (see Van Duyn ex rel. Van Duyn v. Baker Sch. Dist. 5J, 502 F.3d 811, 825 (9th Cir. 2007)), and therefore is entitled to attorneys' fees pursuant to IDEA's fee-shifting statute. 20 U.S.C. § 1415(i)(3)(B)(i)(I).

2. In awarding attorney's fees to a prevailing party, the Court is guided by the considerations identified in Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983). In Hensley, the Supreme Court approved the lodestar method for calculating attorney's fees: multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for the attorney's services. See id. at 433.

3. Although when determining the reasonable rate for attorney's fees the Court must keep in mind the prevailing market rate for similar work performed by attorneys of comparable skill, experience, and reputation (see Chalmers v. City of L.A., 796 F.2d 1205, 1210-11 (9th Cir. 1986), reh'g denied, amended on other grounds, 808 F.2d 1373 (9th Cir. 1987), the Court may also look at other factors, including an attorney's customary fee. See Trevino v. Gates, 99 F.3d 911, 924 (9th Cir. 1996) (citing Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975)).

4. Although a reasonable rate is not always equal

to counsel's actual rate, the Court finds that in this case the reasonable rate for Ms. Hirji and her actual rate are one and the same. Ms. Hirji's current hourly rate of $250 is *prima facie* evidence that this is a rate the market would bear for her legal services. See <u>Struble v. Fallbrook Union High Sch. Dist.</u>, No. 07CV2328-LAB CAB, 2012 WL 4109157 at *5 (S.D. Cal. Sept. 18, 2012).

 5. Moreover, the Court finds that Ms. Zakson, who has less experience than Ms. Hirji at practicing as an attorney (<u>cf.</u> Zakson Decl. ¶ 4 <u>and</u> Hirji Decl. ¶ 33) and representing students with disabilities (<u>cf.</u> Zakson Decl. ¶ 6 <u>and</u> Hirji Decl. ¶ 35), is not entitled to an hourly rate greater than Ms. Hirji's.

 6. Accordingly, the Court finds that the reasonable hourly rate for the legal services provided by both Ms. Hirji and Ms. Zakson is $250.

 7. With regard to the number of hours Ms. Hirji reasonably expended on Student's case, the Ninth Circuit has held that an award of attorney's fees "should cover every item of service which, at the time rendered, would have been undertaken by a reasonable prudent lawyer to advance or protect his client's interest in the case at bar." <u>Armstrong v. Davis</u>, 318 F.3d 965, 971 (9th Cir. 2003) (internal quotation marks omitted).

 8. Accordingly, the Court finds that Plaintiff should be awarded for 40.9 hours of the work that Ms.

Hirji did in preparation for Student's First Proceeding because it was actually used for and directly related to Student's Second Proceeding.  See G & G Fire Sprinklers, Inc. v. Bradshaw, 156 F.3d 893, 907-908 (9th Cir. 1998), vacated, 526 U.S. 1061 (1999), reinstated, 204 F.3d 941, 944 (9th Cir. 2000), rev'd on other grounds without discussion of this point, 532 U.S. 189 (2001).  See also Khani v. Regence Blueshield, No. C09-1067Z, 2011 WL 5588718 at *2 (W.D. Wash. Nov. 16, 2011).

   9. The Court also finds that the 276.5 hours of Ms. Hirji and Ms. Zakson's work on the First and Second Proceedings, for which Plaintiff seeks recovery, should be reduced by 25% in order to account for the limited degree of success that Student obtained in the underlying administrative proceeding.  See Hensley, 461 U.S. at 436; Crawford v. San Dieguito Union Sch. Dist., 202 Fed. Appx. 185, 186 (9th Cir. 2006).  The Court chooses to exercise its discretion in reducing Ms. Hirji and Ms. Zakson's hours because Student did not prevail on nearly half of the sub-issues for which his counsel argued during the Second Proceeding.

   10. Thus, the Court finds that attorneys Hirji and Zakson reasonably expended 207.4 hours *in toto* on Student's First and Second Proceedings.

///
///
///

11. Accordingly, calculating Plaintiff's fee award according to the lodestar method, the Court awards Plaintiff $51,850 in attorneys' fees.

**IT IS SO ORDERED.**

DATED: February 6, 2013

>                      RONALD S.W. LEW
> _____
> **HONORABLE RONALD S.W. LEW**
> Senior, U.S. District Court Judge