1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| Patrick Hirsch, | ) CV 12-01269 RSWL (MRWx) |
|---|---|
| Plaintiff, | ) **ORDER** Re: Plaintiff's ) Motion for Attorney's ) Fees [26] |
| v. | ) |
| Compton Unified School District, a public entity, | ) ) ) |
| Defendant. | ) ) |

   Currently before the Court is Plaintiff Patrick Hirsch's ("Plaintiff") Motion for Attorney's Fees [26]. The Court, having reviewed all papers submitted pertaining to this Motion, **NOW FINDS AND RULES AS FOLLOWS:**

   The Court **GRANTS** Plaintiff's Motion for Attorney's Fees.

///
///

1

## I. BACKGROUND

This Action stems from a Complaint filed against Defendant Compton Unified School District ("Defendant" or "School District") by Plaintiff Patrick Hirsch ("Plaintiff"), the court-appointed holder of educational rights for a disabled grade school student ("Student") [1]. In April 2010, attorney Rosa K. Hirji was appointed by the Juvenile Court to represent Student with regard to his educational matters. Ms. Hirji's subsequent investigation into whether California public schools were fulfilling their IDEA obligations to Student led her to institute an administrative proceeding on Student's behalf in June 2011. To help with Student's case, Ms. Hirji added Heather S. Zakson as associate counsel in September 2011. The case proceeded to hearing, and in November 2011 the presiding administrative law judge held that Student prevailed on seven of the thirteen sub-issues presented, and Defendant prevailed on the remaining six.

Pursuant to IDEA's fee-shifting statute, in February 2012 Plaintiff instituted an Action against Defendant in this Court, for the sole purpose of recovering Ms. Hirji's and Ms. Zakson's attorneys' fees incurred in the underlying administrative proceeding. Plaintiff filed a Motion for Summary Judgment on the issue of attorney's fees on January 8, 2013 ("Merits Fees Motion") [16], which the Court granted on February

1 | 6, 2013 [23], awarding Plaintiff $51,850 in attorney's
2 | fees.  On February 20, 2013, Plaintiff filed the
3 | instant Motion for Attorney's Fees for recovery of fees
4 | incurred in bringing this suit in the first place [26].

## II. LEGAL STANDARD

Pursuant to 20 U.S.C. § 1415(i)(3)(B)(i), a district court may, in its discretion, award reasonable attorney's fees to the parent of a child with a disability who is the prevailing party in an IDEA action or proceeding.  While it is well established that this provision applies to reasonable fees that stem from an IDEA action or proceeding itself (see P.N. v. Seattle Sch. Dist., 474 F.3d 1165, 1169 (9th Cir. 2007)), various district courts have also relied on this statute in awarding "fees on fees" to a prevailing party - that is, fees incurred as a result of pursuing attorney's fees for the underlying IDEA litigation (see Wright v. D.C., 883 F. Supp. 2d 132, 134 (D.D.C. 2012) (citing Kaseman v. D.C, 444 F.3d 637, 640 (D.C. Cir. 2006)); Garvin v. Gov't of D.C., No. CIV.A 11-0383 RBW, 2012 WL 6608388 at *2 (D.D.C. Dec. 19, 2012); Dzugas-Smith v. Southold Union Free Sch. Dist., No. 07-CV-3760 JS, 2010 WL 3852003 at *2 (E.D.N.Y. Sept. 27, 2010)(citing A.R. ex rel. R.V. v. N.Y.C. Dept. Of Educ., 407 F.3d 65, 83 (2d Cir. 2005)).

Although Section 1415(i)(3)(B)(i) does not explicitly provide for an award of fees on fees, and the Ninth Circuit has yet to address the issue of

3

awarding fees on fees in IDEA cases, there is a general consensus among district courts that it is appropriate to award fees on fees to prevailing parties in IDEA actions. See Deal ex rel. Deal v. Hamilton Cnty. Dept. of Educ., 1:01 CV-295, 2006 WL 2854463 (E.D. Tenn. Aug. 1, 2006); Noyes v. Grossmont Union High Sch. Dist., 331 F. Supp. 2d 1233, 1251 (S.D. Cal. 2004), rev'd on other grounds Evans v. Grossmont Union High Sch. Dist., 197 Fed. Appx. 648 (9th Cir. 2006); Gross ex rel. Gross v. Perrysburg Exempted Village Sch. Dist., 306 F. Supp. 2d 726, 742-743 (N.D. Ohio 2004); S.W. ex rel. N.W. v. Board of Educ., 257 F. Supp. 2d 600, 609 (D.S.N.Y. 2003). This approach seems to be in line with the purpose of IDEA's fee-shifting statute, which is to assist plaintiffs of limited means in bringing meritorious suits by giving attorneys financial incentive to take such cases. See Keene v. Zelman, 337 Fed. Appx. 553, 557 (6th Cir. 2009) (citing Cleveland v. Ibrahim, 121 Fed. Appx. 88, 90 (6th Cir. 2005)); Gross, 306 F. Supp. 2d at 743. Thus, the Court finds that awarding fees on fees to Plaintiff is appropriate, as long as "special circumstances [do not] render such an award unjust." Seattle Sch. Dist., No. 1 v. B.S., 82 F.3d 1493, 1502 (9th Cir. 1996) (quoting Abu-Sahyun v. Palo Alto Unified Sch. Dist., 843 F.2d 1250, 1252 (9th Cir. 1988)).

In awarding fees on fees to a prevailing party, the Court is guided by the considerations identified in

Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983). See Thompson v. Gomez, 45 F.3d 1365, 1367 (9th Cir. 1995). In Hensley, the Supreme Court approved the lodestar method for calculating attorney's fees: multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for the attorney's services. See Hensley, 461 U.S. at 433. "If the [fee] applicant satisfies its burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee . . . ." Jordan v. Multnomah Cnty., 815 F.2d 1258, 1263 (9th Cir. 1987).

In determining a reasonable hourly rate, the district court must "be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Chalmers v. City of L.A., 796 F.2d 1205, 1210-11 (9th Cir. 1986), reh'g denied, amended on other grounds, 808 F.2d 1373 (9th Cir. 1987). "The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." Jordan, 815 F.2d at 1263 (citing Blum v. Stenson, 465 U.S. 886, 895 (1984)).

In determining a reasonable number of hours, the district court must "make a good faith effort to

exclude . . . hours that are excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434. "The party seeking the award should provide documentary evidence to the court concerning the number of hours spent . . . ." McCown v. City of Fontana, 565 F.3d 1097, 1102 (9th Cir. 2008). See also Chalmers, 796 F.2d at 1210.

However, a lodestar calculation is only "the starting point for determining the amount of a reasonable fee." Hensley, 461 U.S. at 433. A court may reduce the requested amount of fees where the court finds that an attorney unreasonably protracted final resolution of the controversy, the amount of fees unreasonably exceeds the hourly rate prevailing in the community, or the time spent and legal services furnished were excessive. 20 U.S.C. § 1415(i)(3)(F). Moreover, in awarding fees on fees, the Court has discretion to apply an arithmetical approach in adjusting the lodestar calculation in order to account for the prevailing party's degree of success in litigating the underlying merits fees. Schwarz v. Sec. of Health & Human Serv., 73 F.3d 895, 909 (9th Cir. 1995).

### III. ANALYSIS

**A. Defendant's Evidentiary Objections**

Defendant raises sixteen evidentiary objections targeting statements in the declarations of Bonnie Yates, Clark Gross, William Weingarden, Steven Skolnik,

and Rosa Hirji [28].  Defendant bases its objections on various grounds, including lack of relevance, lack of foundation, opinion, argumentative, and the best evidence rule.  To the extent that the Court does not rely on the allegedly objectionable evidence for purposes of its analysis, the Court **OVERRULES** Defendant's objections as moot.  However, to the extent that the Court does rely on evidence to which Defendant objects, the Court rules on Defendant's objections as follows:

- **Declaration of Clark Gross,** Objection No. 4: OVERRULED
- **Declaration of Rosa Hirji,** Objection Nos. 13, 14, 16: OVERRULED

**B.   Motion for Attorney's Fees**

Defendant does not contest that Plaintiff is the "prevailing party" within the meaning of 20 U.S.C. § 1415(i)(3)(B)(i).  Therefore, the only element of the IDEA fee-shifting statute that the Court needs to address is the "reasonableness" of Plaintiff's fee request.  Accordingly, based on the following analysis, the Court **GRANTS** Plaintiff's Motion for Attorney's Fees.

   1.   Plaintiff's "Fees on Fees" Request
        i.   "Special Circumstances"

Plaintiff requests that he be awarded for the fees incurred in bringing this suit pursuant to Section 1415(i)(3)(B)(i).  Defendant addresses two issues that

7

it believes render this award of "fees on fees" unjust: inflation of the requested fee amount and undue prejudice to Defendant. With regard to Defendant's first argument, Defendant offers no evidence that Plaintiff's fees-on-fees request, is in fact, inflated, nor does Defendant indicate the extent to which Plaintiff's fees-on-fees request is supposedly inflated. Absent proof beyond Defendant's bald assertion of fee inflation, the Court is not persuaded by Defendant's argument that Plaintiff's fees-on-fees request is inflated.

As to Defendant's contention that it has been unduly prejudiced by having to engage in "multiple motion practices," there is no legal requirement that a fees-on-fees request be included in an underlying merits fees motion. The Court recognizes that Defendant may be inconvenienced by Plaintiff's decision to file two motions for attorney's fees instead of one. However, characterizing such an inconvenience as a "special circumstance" warranting denial of Plaintiff's Motion would essentially penalize Plaintiff for not including its fees-on-fees request in the original Merits Fees Motion, and such a penalty is neither required not supported by law. See Jankey v. Poop Deck, 537 F.3d 112, 1131 (9th Cir. 2008) ("Litigants and their lawyers should not be penalized for failing to meet a purported technical requirement that does not exist."). Thus, the Court finds that there are no

special circumstances rendering an award of fees on fees in this case unjust.

### ii. Reasonable Hourly Rate

Work performed by paralegals may be compensated as part of an attorney's fee award. <u>Missouri v. Jenkins</u>, 491 U.S. 274, 286-88 (1989) (discussing billing for paralegal time). Plaintiff is therefore permitted to recover reasonable fees for services provided by Mr. Weingarden. Plaintiff asserts that the reasonable hourly rate for paralegal Weingarden is $200. Although the Court must keep the prevailing market rate in mind when determining the reasonable rate for a fee award (<u>see</u> <u>Chalmers</u>, 796 F.2d at 1210-11), the Court may also look at other factors, including a paralegal's customary fee. <u>See</u> <u>Trevino v. Gates</u>, 99 F.3d 911, 924 (9th Cir. 1996) (citing <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 69-70 (9th Cir. 1975)). Thus, in support of his contention that $200 per hour is reasonable, Plaintiff submits the declaration of an attorney who currently bills Mr. Weingarden's paralegal services to clients at $200 per hour. Mot. 5:23-27. Plaintiff provides additional evidence that $200 per hour is lower than the rates set in other Central District cases for services performed by paralegals who are less experienced than Mr. Weingarden. <u>Id.</u> at 6:1-28. <u>See</u>, <u>e.g.</u>, <u>Jones v. Corbis Corp.</u>, CV 10-8668 SVW, 2011 U.S. Dist. LEXIS 109820 at *11-*12 (C.D. Cal. Aug. 24, 2011) (awarding paralegal rate of $243), <u>affd.</u>

9

mem., No. 11-56082, 2012 U.S. App. LEXIS 14543 at *3-*4 (9th Cir. July 16, 2012); Bernal v. Paradigm Talent & Literary Agency, 1:09-CV-00463-OWW-SKO, 2010 U.S. Dist. LEXIS 142572 at *15, *18 (C.D. Cal. June 1, 2010) (awarding paralegal rate of $225); L.A. Printex Indus. V. William Carter Co., CV 09-2449 JFW, 2010 U.S. Dist. LEXIS 130529 at *8-*11 (C.D. Cal. Dec. 1, 2010) (awarding paralegal rates of $229.50 and $202.50), vacated on other grounds sub nom. L.A. Printex Indus. v. Aeropostale, Inc., No. 10-56187, 2012 U.S. App. LEXIS 12033 (9th Cir. June 13, 2012); Samson v. Nama Holdings, LLC, CV 09-01433 MMM, 2009 U.S. Dist. LEXIS 114494 at *13, *18 (C.D. Cal. Aug. 10, 2009) (awarding paralegal rate of $270 for services of a paralegal with 18 years of experience); B-K Lighting, Inc. v. Vision3 Lighting, CV 06-02825 MMM, 2009 U.S. Dist. LEXIS 111968 at *22, *27 (C.D. Cal. Nov. 16, 2009) (awarding paralegal rates of $265 and $245), vacated on other grounds sub nom. B-K Lighting, Inc. v. Fresno Values & Castings, Inc., No. 2010-1135, 2010 U.S. App. LEXIS 15739 at *2 (Fed. Cir. July 2, 2010); Love v. The Mail on Sunday, CV 05-7798 ABC, 2007 WL 2709975 at *8 (C.D. Cal. Sep. 7, 2007) (awarding paralegal rates of $245, $230 and $220), affd. sub nom. Love v. Associated Newspapers, Ltd., 611 F.3d 601, 614-617 (9th Cir. 2010).  The proposed rate is also supported by a case in the Central District Court of California in which the court noted that $195 was the median rate for

1  paralegal services in the Los Angeles area in 2008.
2  Id. at 7:1-20.  See Wang v. Chinese Daily News, Inc.,
3  CV 04-1498 CBM, 2008 U.S. Dist. LEXIS 123824 at *11
4  (C.D. Cal. Oct. 3, 2008), affd., 623 F.3d 743, 762 (9th
5  Cir. 2010), vacated without discussion of this point
6  sub. nom. Chinese Daily News, Inc. v. Wang, 132 S.Ct 74
7  (2011)).  See also Goodman v. Broadcaster, Inc., CV 08-
8  2848 CAS, 2008 U.S. Dist. LEXIS 83100 at *3 (C.D. Cal.
9  Sep. 26, 2008) (finding that the rates for experienced
10 paralegals and research assistants as of 2008 ranges
11 from $180 up to $250).
12     In light of the aforementioned evidence, the Court
13 finds that the hourly rate of $200 for Mr. Weingarden's
14 paralegal services is reasonable for purposes of the
15 requested fee award.  Mr. Weingarden's hourly rate of
16 $200 is *prima facie* evidence that this is a rate the
17 market would bear for his services.  See Struble v.
18 Fallbrook Union High Sch. Dist., 07 CV 2328-LAB CAB,
19 2012 WL 4109157 at *5 (S.D. Cal. Sept. 18, 2012).
20 Although a reasonable rate is not always equal to a
21 paralegal's actual rate, the Court finds that in this
22 case the reasonable rate for Mr. Weingarden and his
23 actual rate are one and the same.
24     With regard to the reasonable hourly rate for
25 attorneys Hirji and Zakson, Plaintiff bears the burden
26 of producing satisfactory evidence that the requested
27 hourly rate of $250 is in line with prevailing rates in
28 the community for *similar work*.  See Blum, 465 U.S. at

11

895 n. 11 (1984).  Thus, Plaintiff must show that the requested rate is in line with rates prevailing in the community for *federal court fees litigation* work.  However, Plaintiff has not demonstrated this to the Court.

Plaintiff relies on two cases from the Southern District of California setting forth reasonable hourly rates for fee litigation work in federal court.  Reply 12:6-20.  See Struble, 2012 WL 4109157 at *6; Moore v. Bank of Am., 03 CV 00520, 2008 WL 68851 at *3 (S.D. Cal. Jan. 7, 2008).  However, because the relevant community for purposes of determining attorney's fees is "the forum in which the district court sits" (see Camacho v. Bridgeport Fin., Inc., 523 F.3d 979 (9th Cir. 2008); Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997)), the relevant community for purposes of this Motion is the Central District of California, not the Southern District.  Thus, the Court does not rely on the cases to which Plaintiff cites as evidence of the hourly attorney fee rate prevailing in the local community for fee litigation work.

Moreover, to the extent that Plaintiff argues that the hourly rate of $250 set by the Court in the Merits Fees Motion is a reasonable hourly rate for purposes of the instant Motion, Plaintiff provides no evidentiary or legal support to show that legal services relating to the *underlying IDEA administrative proceeding* are comparable to legal services performed in *seeking*

*attorney's fees in federal court*. Accordingly, the Court finds that a reasonable rate for work related to an *IDEA due process proceeding* does not automatically reflect a reasonable rate for *federal court fees litigation* work.

Although Plaintiff may be correct in asserting that attorneys generally command higher billing rates than paralegals (Reply 12:25-26), he provides no support for this bald assertion. Here, the Court finds that where no evidence of specific skills and experience in handling attorney fee motions is provided in support of counsel's hourly rate, it would be unreasonable for Plaintiff to be awarded attorney's fees at a rate higher than that for his paralegal, Mr. Weingarden, whom Plaintiff touts as having "substantial experience in handling attorney fee motions" (Mot. 5:17). Given that Plaintiff has failed to meet his burden of producing satisfactory evidence in support of the requested attorney's fee rate of $250, the Court finds that $200 per hour is a reasonable rate for the legal services Plaintiff's counsel provided in relation to their fees litigation work in federal court.

### iii. Reasonable Time Expended

"The party seeking the award [of attorney's fees] should provide documentary evidence to the court concerning the number of hours spent . . . ." <u>McCown</u>, 565 F.3d at 1102. <u>See also</u> <u>Chalmers</u>, 796 F.2d at 1210. Plaintiff has submitted a task-by-task summary of the

1  hours Ms. Hirji, Ms. Zakson, and Mr. Weingarden each
2  worked in connection with Plaintiff's Merits Fees
3  Motion.  Mot. 9:1-22.  In addition to listing the
4  actual hours that were expended on the Merits Fees
5  Motion, the summary reflects a deduction of 39.95 hours
6  based on time spent on duplicate work, unsuccessful or
7  abandoned claims, clerical tasks, and general "billing
8  judgment."  Id. at 8:13-20.  As adjusted, Plaintiff
9  contends that Ms. Hirji, Ms. Zakson, and Mr. Weingarden
10 reasonably spent a total of 224.5 litigating the merits
11 fees.
12    Defendant asks the Court to reduce that number by
13 two-thirds in order to reflect the "excessive time"
14 that Plaintiff spent litigating merits fees.  Opp'n
15 7:7-14.  As the party opposing this fee application,
16 Defendant bears the burden of submitting evidence that
17 specifically challenges the accuracy and reasonableness
18 of the hours claimed by Plaintiff.  Gates v.
19 Deukmehian, 987 F.2d 1392, 1397-98 (9th Cir. 2002).
20 Conclusory and unsubstantiated objections are
21 insufficient to warrant reducing Plaintiff's fee
22 request.  Id.  Here, Defendant fails to identify any
23 specific time entries that were unnecessary or
24 "excessive" for Plaintiff's case.  To the contrary,
25 Plaintiff appears to have accounted for all excessive,
26 redundant, or otherwise unnecessary hours and reduced
27 his request accordingly.
28    In addition, Defendant does not dispute the

accuracy of Plaintiff's accounting or the reasonableness of time spent on any one particular task.  Instead, as part of its argument that Plaintiff expended excessive hours, Defendant claims that (1) it is unreasonable for the hours allegedly expended litigating merits fees to exceed the number of hours expended in the underlying IDEA proceeding, most notably where "Plaintiff's request for a billable rate for his paralegal . . . is 80% of the rate he seeks for his attorneys" (Reply 8:20-22), and (2) it was unreasonable for Plaintiff to hire a third legal professional - Mr. Weingarden - for purposes of helping with the merits fees litigation (Id. at 7:12-8:2).  The Court finds both contentions unpersuasive.  First, where a fee request is highly disputed, it is not appropriate to reduce the number of hours sought by Plaintiff solely because the number of hours spent litigating merits fees surpasses the number of hours spent litigating the underlying matter. See Coles, 2007 WL 39304 at *11.  Second, an award of attorney's fees should not be reduced solely because multiple legal professionals were required to work on the same matter.  See A.J. by L.B. v. Kierst, 56 F.3d 849, 863-65 (8th Cir. 1995).  Although, Defendant contends that the work expended in pursuit of merits fees could have been performed by one professional, Defendant fails to identify any hours that were duplicative or unnecessary as a result of Mr. Weingarden's addition to the

1  Plaintiff's legal team.  Thus, the Court finds that
2  Defendant has failed to provide satisfactory evidence
3  showing that "excessive time" was spent litigating the
4  merits fees or that a two-thirds reduction of the 224.5
5  requested hours is warranted.

####  iv. Degree of Success Reduction

7       Should the Court, in its discretion, choose to
8  account for Plaintiff's "limited" degree of success in
9  pursuing the underlying merits fees, Plaintiff suggests
10 that the Court reduce the total number of requested
11 hours by only 25%, which is the percentage the Court
12 applied in reducing the proposed number of hours for
13 Plaintiff's merits fees.  Accordingly, Plaintiff claims
14 that Ms. Hirji and Ms. Zakson would be compensated for
15 64 hours of the time spent pursuing merits fees, and
16 Mr. Weingarden would be compensated for 104 hours of
17 the same, totaling 168 hours.
18      Because Hensley requires the Court to consider the
19 relationship between the amount of the fee awarded and
20 the results obtained, "fees for fee litigation should
21 be excluded to the extent that the applicant ultimately
22 fails to prevail in such litigation." Commissioner,
23 I.N.S. v. Jean, 496 U.S. 154, 166 n.10 (1990).  As
24 such, the relative degree of success in litigating
25 merits fees should bear upon the size of the fees-on-
26 fees award.  Thompson, 45 F.3d at 1368.  In accounting
27 for Plaintiff's limited degree of success in litigating
28 merits fees, the Court follows the percentage formula

approved by the Ninth Circuit in Schwarz. In Schwarz, the Court found that "a district court does not abuse its discretion by applying the same percentage of merits fees ultimately recovered to determine the proper amount of the fees-on-fees award." Schwarz, 73 F.3d at 909 (citing Harris v. McCarthy, 790 F.2d 753 (9th Cir. 1986)). A court is not required to explain its rational in applying the percentage formula to a fees on fees request because, according to the Ninth Circuit, the relevant explanations have already been provided in the court's reduction of the merits fees award. Id. Thus, because Plaintiff received only 59% of the merits fees that he originally sought, the Court awards only 59% of the fees on fees that Plaintiff seeks in the present Motion, which equals $26,491.

   b. Plaintiff's "Fees on Fees on Fees" Request

 Lastly, Plaintiff contends that he is entitled to an award of fees incurred in preparing the present Motion and Reply, which would essentially amount to an award of "fees on fees on fees." However, Plaintiff cites to no legal authority indicating that such an award is reasonable or legally sound. Moreover, "receiving fees on fees on fees is too attenuated from the adjudication of the due process complaint to be reimbursable." Wright, 883 F. Supp. 2d at 134. Thus, although Plaintiff is entitled to fees incurred during the adjudication of the due process complaint and for fees incurred in obtaining the reimbursement of those

fees, the Court excludes from Plaintiff's award fees on fees on fees incurred in preparing the present Motion and Reply.

### IV. CONCLUSION

Based on the foregoing analysis, the Court **GRANTS** Plaintiff's Motion for Attorney's Fees and finds that $200 is a reasonable hourly rate for the legal services provided by Ms. Hirji and Ms. Zakson and that $200 is a reasonable hourly rate for the paralegal services provided by Mr. Weingarden. However, the Court, in its discretion, awards Plaintiff only 59% of the total fees on fees requested in order to reflect Plaintiff's limited success in pursuing the underlying merits fees. In addition, the Court finds that Plaintiff's fees-on-fees-on-fees request is unreasonable and should not be awarded. Thus, pursuant to the aforementioned lodestar calculation and limited degree of success fee reduction, the Court awards Plaintiff $26,491 in attorneys' fees.

**IT IS SO ORDERED.**

DATED: May 3, 2013

RONALD S.W. LEW
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge